# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

EARL JOHNSON,                                    Civil Action No. 1:04-cv-608
         Petitioner,

                                        Beckwith, J.

         vs.                                        Black, M.J.

WANZA JACKSON, WARDEN,                            **REPORT AND**
         Respondent.                                **RECOMMENDATION**

Petitioner, a state prisoner, brings this case *pro se* seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. (Doc. 1).  On April 5, 2005, the Court administratively stayed this matter pending petitioner's exhaustion of his Ohio remedies and terminated the case on the Court's active docket. (Doc. 6).  On July 22, 2005, upon motion of the petitioner, the Court reinstated this case on the Court's active docket and ordered the respondent to file a return of writ within sixty (60) days. (Doc. 9).  Respondent filed the return of writ on May 26, 2006. (Doc. 11).

This matter is before the Court on petitioner's motion to strike the return of writ as untimely filed (Doc. 12) and respondent's response in opposition. (Doc. 13).  For good cause shown by the respondent for the late filing of the return of writ, and in the absence of any prejudice to the petitioner, the Court **DENIES** petitioner's motion to strike.

This matter is now before the Court on the petition (Doc. 1) and respondent's return of writ and exhibits thereto. (Doc. 11).

## I.    FACTS

This case involves the following facts, as summarized by the First District Ohio Court of

Appeals:[1]

> On February 22, 2002, Johnson visited the Phoenix Café, a saloon located in
> downtown Cincinnati. He drank and bet on the contestants in an "open mike" rap
> talent show. When he became agitated and disruptive, the manager instructed the
> bouncer, who had known Johnson for fifteen years, to remove him from the café.
> Shouting threats of revenge, Johnson was forcefully ejected. Shortly afterwards,
> Johnson drove past the Phoenix and fired several shots into the café.

(Doc. 11, Exh. 14 at 2).

## II.  PROCEDURAL HISTORY

On May 16, 2002, petitioner was convicted by a jury of felonious assault and having

weapons while under disability with accompanying firearm specifications.  (Doc. 11, Exhs. 1;

Transcript 381-82).  On June 13, 2002, he was sentenced to sixteen years imprisonment: eight

years for the felonious assault, to be served after the eight years for the consecutive firearm

specifications, and five years for the disability charge to be served concurrently with the other

terms of imprisonment.  (Doc. 11, Exh. 8).

Represented by different counsel, petitioner filed a timely appeal of his conviction and

sentence.  He filed his appellate brief raising two assignments of error:

> 1.  The trial court erred by imposing two (2) consecutive terms of actual
> incarceration for gun specifications appended to two (2) felonies which were
> committed as part of the same act or transaction.

> 2.  During closing argument, the State deliberately made reference to
> Appellant's prior criminal record for the sole purpose of attacking
> Appellant's character. The trial court sustained Appellant's objection, but
> refused to instruct the jury to disregard the comment, thereby materially
> affecting Appellant's right to a fair trial.

---

[1]     The factual findings of the state appellate court are entitled to a presumption of correctness in the
absence of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *see McAdoo v. Elo*, 365 F.3d 487,
493-94 (6th Cir. 2004).

(Doc. 11, Exh. 12).  The State opposed the assignments of error.  (Doc. 11, Exh. 13).  On July 2, 2003, the appellate court overruled petitioner's assignments of error and affirmed the judgment of the trial court.  (Doc. 11, Exh. 14).

On June 22, 2004, petitioner filed an untimely *pro se* application to reopen his direct appeal pursuant to Ohio App. R. 26(B)[2] alleging the ineffectiveness of his appellate counsel. (Doc. 11, Exh. 17).  Petitioner argued that his appellate counsel failed to raise several meritorious claims on direct appeal including the ineffectiveness of his trial counsel (alleging counsel failed to subpoena and interview petitioner's witnesses for trial and failed to investigate and present petitioner's alibi defense), that petitioner's convictions were against the manifest weight of the evidence, and that there was insufficient evidence to convict petitioner.  (Doc. 11, Exh. 17 at 4-10).  Petitioner also argued that appellate counsel failed to inform petitioner of the appellate court's ruling on direct appeal to enable petitioner to file a timely appeal to the Supreme Court of Ohio and a timely Rule 26(B) application. (Doc. 11, Exh. 17 at 3).  The Ohio Court of Appeals denied the application to reopen on August 13, 2004, stating that even if the court were to determine there was good cause for petitioner's untimely filing, he nevertheless failed to demonstrate grounds for reopening. (Doc. 11, Exh. 20).  Petitioner filed a motion for reconsideration on August 23, 2004 (Doc. 11, Exh. 21), but the motion was never ruled upon. (Doc. 11 at 4).  Petitioner did not file for a discretionary appeal of the denial of his App. R.

---

[2]     Ohio Appellate Rule 26(B)(1) provides:  "A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel. An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time."

26(B) application to the Ohio Supreme Court.[3]

On August 13, 2004, petitioner filed a pro se motion for leave to file a delayed appeal to the Supreme Court of Ohio which the Court denied on September 29, 2004. (Doc. 11, Exhs. 15, 16).

On September 30, 2004, petitioner filed an untimely pro se petition to vacate or set aside sentence alleging he was deprived of the effective assistance of counsel because his trial attorney did not investigate and present at trial witnesses who could have provided him with an alibi defense. (Doc. 11, Exh. 22). The State opposed the petition. (Doc. 11, Exh. 23). On November 4, 2004, the trial court denied the petition finding petitioner failed to meet the requisite conditions for consideration of a tardy petition for post-conviction relief under Ohio Rev. Code § 2953.23(A). (Doc. 11, Exh. 24).

On April 13, 2005, petitioner filed a *pro se* notice of appeal of an alleged entry dated March 15, 2005. (Doc. 11, Exh. 25). The state moved to dismiss the appeal as the docket of the trial court failed to reveal any entries filed on or near that date. (Doc. 11, Exh. 26). On May 12, 2005, the Ohio Court of Appeals granted the state's motion to dismiss the appeal. (Doc. 11, Exh. 27).

Petitioner failed to file any discretionary appeal of his post-conviction relief petition in the Supreme Court of Ohio.

## III. PETITIONER'S FEDERAL HABEAS CORPUS PETITION

---

[3]     Ohio Appellate Rule 26(A) provides that "[t]he filing of an application for reconsideration shall not extend the time for filing a notice of appeal in the Supreme Court."

4

Petitioner filed a *pro se* Petition for Writ of Habeas Corpus in this Court raising three grounds for relief:

**Ground One:** Sixth Amendment violation due to ineffective assistance of trial counsel.

Supporting Facts: Counsel failed to investigate and interview alibi witnesses. Counsel failed to present alibi defense or subpoena witnesses for trial.

**Ground Two**: Sixth Amendment violation due to appellate counsel's ineffectiveness.

Supporting Facts: Appellate counsel failed to raise trial counsel's ineffectiveness; failed to raise sufficiency of evidence and manifest weight issues; and failed to notify Defendant of the filing or dismissal of his appeal.

**Ground Three**: Fifth Amendment due process violation when conviction against the manifest weight and sufficiency of the evidence.

Supporting Facts: The State failed to introduce any evidence that Defendant committed felonious assault against the alleged victim, when the alleged victim was never present in the courtroom, never testified that Defendant shot at him, and was never seen or heard from at any stage of the proceeding.

## IV.  GROUNDS ONE, TWO AND THREE OF THE PETITION ARE PROCEDURALLY DEFAULTED AND WAIVED.

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must first fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c); *see also Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971).  A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement.  *See*

5

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall*, 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied*, 474 U.S. 831 (1985).  If the petitioner fails to do so, he may have waived the unraised claims for purposes of federal habeas corpus review.  *See Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989).

Federal courts may not consider "contentions of federal law that are not resolved on the merits in the state proceeding due to petitioner's failure to raise them as required by state procedure." *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  If petitioner fails to fairly present his claims through the requisite levels of state appellate review to the state's highest court, or commits some other procedural default to preclude review of the merits of petitioner's claims by the state's highest court, and if no avenue of relief remains open or if it would otherwise be futile for petitioner to continue to pursue his claims in the state courts, the claims are subject to dismissal with prejudice as waived.  *See O'Sullivan,* 526 U.S. at 847-48; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989).   The Sixth Circuit applies a four-part test to determine if a claim is procedurally defaulted:

> (1) the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) the court must determine whether the state courts actually enforced the state procedural sanction; (3) it must be decided whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim; and (4) if the court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001), *cert. denied*, 535 U.S. 1031 (2002), citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).  In determining whether a state court rested

its holding on a procedural default so as to bar federal habeas review, "the last state court rendering a judgment in the case must have based its judgment on the procedural default." *Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000), citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991); *Couch v. Jabe*, 951 F.2d 94, 96 (6th Cir. 1991).  Normally, a federal habeas court will find that a petitioner procedurally defaulted if the last state court rendering a decision makes a plain statement to that effect. *Harris,* 489 U.S. at 261.  No such statement is necessary, however, if the petitioner failed to present the relevant issues to the state court. *Id.* at 263 n. 9. *See also Teague v. Lane*, 489 U.S. 288, 297-298 (1989) (plurality opinion)("The rule announced in *Harris v. Reed* assumes that a state court has had the opportunity to address a claim that is later raised in a federal habeas proceeding.").  In that event, the federal habeas court may hold the claim procedurally defaulted "if it is clear that the state court would hold the claim procedurally barred."  *Harris*, 489 U.S. at 263 n.9.

If, because of a procedural default, a petitioner can no longer present his claims to a state court, he has waived them unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

A "fundamental miscarriage of justice" occurs only in the "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 495-96; *see also Schlup v. Delo,* 513 U.S. 298, 327 (1995).  To be credible, such a claim "requires petitioner to support his allegations of constitutional error with new

reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup,* 513 U.S. at 324.

To obtain habeas review of the merits of a procedurally-defaulted claim under the "actual innocence" exception, the otherwise-barred petitioner "must show it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt" in light of all the evidence, "including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial." *Id.* at 327-28.

Ground One of the petition alleges the denial of effective assistance of trial counsel based on counsel's alleged failure to investigate or present an alibi defense or subpoena witnesses for trial. This claim was raised in petitioner's untimely post-conviction relief petition.[4] (Doc. 11, Exh. 23). As indicated above, the trial judge denied the petition because petitioner failed to meet the heightened filing requirements for an untimely petition pursuant to Ohio Rev. Code § 2953.23(A). (Doc. 11, Exh. 24). Petitioner failed to appeal the denial of his post-conviction petitioner to either the Ohio Court of Appeals or the Supreme Court of Ohio. (Doc. 11, Exhs. 25-27). Under Ohio App. R. 4, petitioner had 30 days, or until December 4, 2004, to timely appeal his post-conviction petition denial to the state court of appeals. That deadline has long since passed. Moreover, petitioner may not file a delayed appeal from the trial court's denial of his post-conviction petition because under Ohio law post-conviction relief proceedings are civil, rather than criminal, in nature and a delayed appeal under Ohio App. R. 5 is not available. *See State v. Nichols*, 11 Ohio St.3d 40, 43, 463 N.E.2d 375 (1984). *See also* Rule II, Section

---

[4]     To the extent petitioner also raised this claim in his application to reopen his direct appeal, for the reasons stated *infra* at pp. 10-11, the claim is likewise procedurally defaulted and waived.

8

2(A)(4)(b), Rules of Practice of the Supreme Court of Ohio ("The provision for delayed appeal applies to appeals on the merits and does not apply to appeals involving postconviction relief. . . .").

Because petitioner did not provide the state's highest court with the opportunity to consider his ineffective assistance of trial counsel claim raised in his post-conviction petition, petitioner failed to satisfy the "fair presentation" requirement set forth in 28 U.S.C. § 2254(b)(1), (c). *See O'Sullivan*, 526 U.S. at 845; *Leroy*, 757 F.2d at 97, 99-100. Petitioner's failure to appeal the trial court's denial of his motion for post-conviction relief constitutes a procedural default. *See Lordi v. Ishee*, 384 F.3d 189, 194 (6th Cir. 2004). As there is no longer an avenue of relief that remains available in the state courts for petitioner to pursue his ineffective assistance of trial counsel claim, this Court concludes that he has waived the claim absent a showing of cause and prejudice or a fundamental miscarriage of justice.

Petitioner's Third Ground for relief is likewise procedurally defaulted. Ground Three challenges the manifest weight and sufficiency of the evidence used to convict. Petitioner, through his appellate counsel, failed to raise these claims on direct appeal to the Ohio Court of Appeals. Petitioner is thus barred from raising these claims in the Ohio courts because he had the previous opportunity to present such claims during his direct appeal and failed to do so, thereby waiving such issues under state procedural law.[5] *See Lordi v. Ishee*, 384 F.3d at 194, citing *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *see also Buell*, 274 F.3d at 349. This is an

---

[5] "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 176, 226 N.E.2d 104, 106 (1967)(syllabus).

adequate and independent state ground which forecloses this Court's review of the federal

constitutional claims therein in the absence of a showing of cause and prejudice.  *Id.*

    As cause for his defaults of Grounds One and Three of the petition, petitioner asserts his

appellate counsel was ineffective in failing to present the federal constitutional claims contained

therein as assignments of error on direct appeal.  (*See* Doc. 1, Memorandum in Support of

Petition at 6).  The ineffective assistance of counsel may constitute cause for a procedural

default, so long as such claim has been presented to the state courts, and is not itself procedurally

defaulted.  *Edwards v. Carpenter*, 529 U.S. 446, 452-53 (2000) (citing *Murray,* 477 U.S. at 488-

89).

    Here, however, petitioner procedurally defaulted his ineffective assistance of appellate

counsel claim, which is also alleged as Ground Two of the instant federal habeas petition.

Petitioner committed a procedural default of this claim when he failed to timely appeal the denial

of his reopening application to the Supreme Court of Ohio.  *See Roberts v. Carter*, 337 F.3d 609,

613 (6th Cir. 2003), *cert. denied*, 540 U.S. 1151 (2004).  The Ohio Court of Appeals denied

petitioner's application to reopen his direct appeal pursuant to Ohio App. R. 26(B) on August 13,

2004. (Doc. 11, Exhs. 17, 20).  Petitioner's filing of his motion for reconsideration on August 23,

2004 (Doc. 11, Exh. 21) did not extend the time for filing a notice of appeal in the Supreme

Court, *see* Ohio App. R. 26(A), and petitioner did not file for a discretionary appeal of the denial

of his App. R. 26(B) application to the Ohio Supreme Court within the 45-day appeal period.

*See* Rule II, Section 2(A)(1), Rules of Practice of the Supreme Court of Ohio.  Since delayed

appeals from the denial of reopening applications are not allowed under the Supreme Court's

procedural rules, *see* Rule II, Section 2(A)(4)(b), Rules of Practice of the Supreme Court of

Ohio, no remedy now exists for petitioner to fairly present this claim to the Supreme Court of Ohio.

Therefore, petitioner procedurally defaulted his ineffective assistance of appellate counsel claim and is precluded from asserting this claim as cause for his procedural defaults of Grounds One and Three of his federal habeas petition.  *See Edwards*, 529 U.S. at 452.

Petitioner has failed to demonstrate either cause for the procedural default of his ineffective assistance of appellate counsel claim or actual prejudice resulting from the alleged constitutional violations.  Moreover, petitioner has not demonstrated that a fundamental miscarriage of justice will occur if his procedurally-defaulted claims for relief are not addressed on the merits by this Court.  To meet this standard, found only in "extraordinary" cases, petitioner must demonstrate that "more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt."  *House v. Bell*, 126 S.Ct. 2064, 2077 (2006); s*ee also Schlup*, 513 U.S. at 329.

The "new" evidence cited by petitioner, the affidavit of Carl Howell attached to petitioner's postconviction relief petition, alleges that petitioner was at the Curve Café from approximately 1:00 a.m. until 2:30 a.m. on the morning of February 22, 2002 (Doc. 11, Exh. 22), and controverts the state's eyewitness evidence that petitioner was present at the Phoenix Café minutes before the shooting.  However, when considering this affidavit in view of the evidence presented at trial, including the eyewitness testimony of Timothy Johnson and Deailo Martin which place petitioner at the Phoenix Café at approximately 1:45 a.m. (Tr. 155-59, 192, 232-33), and petitioner's admission to the police that he was present at the Phoenix Café on the morning in question (Tr. 237-38), this Court cannot say that it is more likely than not that "no juror,

11

acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 329.  In light of this evidence and all the other evidence produced at trial, this Court's confidence in the outcome of the trial is not undermined by the affidavit evidence produced by petitioner.  Petitioner has failed to show he is actually innocent of the crimes of which he was convicted.  Therefore, petitioner has waived any constitutional claims associated with Grounds One, Two and Three of the petition for purposes of federal habeas corpus review and the petition should be dismissed.

### IT IS THEREFORE RECOMMENDED THAT:

1.  Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be DENIED with prejudice.

2.  A certificate of appealability should not issue with respect to Grounds One, Two, and Three of the petition, which this Court has concluded are waived and thus barred from review on procedural grounds, because under the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason would not find it debatable whether this Court is correct in its procedural ruling" as required under the first prong of the *Slack* standard.[6]

3.  The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, DENY petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity.

---

[6]  Because this Court finds petitioner has not met the first prong of the *Slack* standard, it need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner stated a valid constitutional claim.  *See Slack,* 529 U.S. at 484.

*See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date:  7/24/2006            s/Timothy S. Black
       KI                                  Timothy S. Black
                                          United States Magistrate Judge

13

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

EARL JOHNSON,                                   Civil Action No. 1:04-cv-608
      Petitioner,

                                     Beckwith, J.
      vs.                                        Black, M.J.

WANZA JACKSON, WARDEN,                          **REPORT AND**
      Respondent.                             **RECOMMENDATION**

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled habeas corpus action.  Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within **FIFTEEN (15) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections.  *See* Fed. R. Civ. P. 72(b).  A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal.  *See Thomas v. Arn,* 474  U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).