UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Earl Johnson,                          :    Case No. 1:04-CV-608
                                       :
        Petitioner,                    :
                                       :
vs.                                    :
                                       :
Wanza Jackson,                         :
                                       :
        Respondent.                    :


**ORDER ADOPTING REPORT AND RECOMMENDATION**

On July 24, 2006, United States Magistrate Judge Timothy S.
Black issued a Report and Recommendation in this matter.  The
Magistrate Judge recommended that Petitioner's petition for a
writ of habeas corpus pursuant to 28 U.S.C. §2254 be denied with
prejudice, because all three of Petitioner's grounds for relief
are procedurally defaulted and waived.

Petitioner timely filed Objections to the Report and
Recommendation.  (Doc. 16)  Petitioner's primary objection
concerns the Magistrate Judge's conclusion that Petitioner's
claim of ineffective assistance of appellate counsel is
defaulted.  Petitioner argues that the pertinent state law rule,
Ohio Appellate Rule 26(B), is not "firmly established" nor
"regularly followed" by the Ohio Supreme Court.  Therefore
Petitioner argues that this state procedural rule is not an
adequate and independent ground that forecloses federal habeas

-1-

relief.

Petitioner relies on Landrum v. Anderson, 185 F.Supp.2d 868 (S.D. Ohio 2002).  Landrum was sentenced to death by an Ohio court, and his direct appeals were unsuccessful.  Landrum then filed an untimely application to re-open under Ohio App. Rule 26(B).  The Ohio Court of Appeals found that he had not established good cause for his untimely filing, a conclusion that was affirmed by the Ohio Supreme Court.  In his federal habeas action, the district court concluded that Ohio App. Rule 26(B) had not been "firmly established and regularly followed" by the Ohio Supreme Court in capital cases, at least since 1999, when the Ohio Supreme Court affirmed the untimeliness of Landrum's application.  The district court permitted Landrum to proceed on the merits of his petition.

Here, Petitioner acknowledges that Landrum concerns Ohio **capital** cases, and Petitioner is not facing a death sentence.  Moreover, shortly after the district court's decision in Landrum, the Sixth Circuit decided Monzo v. Edwards, 281 F.3d 568 (6th Cir. 2002), a non-capital case, which held that Rule 26(B) and its good cause requirement is an adequate state procedural ground, the application of which is sufficient to foreclose federal review.  And in Smith v. Ohio Dept. Of Rehab., 463 F.3d 426, 436 at n.7 (6th Cir. 2006), the Sixth Circuit cited Monzo with approval in a non-capital case, again stating that Rule

-2-

26(B) is an adequate state procedure. These authorities are binding on this Court.

The Magistrate Judge's Report also notes that Petitioner failed to pursue an appeal to the Ohio Supreme Court of the denial of his 26(B) application by the Ohio Court of Appeals. He therefore cannot assert ineffective assistance of appellate counsel to excuse his procedural default of Grounds One and Three of his petition.

As required by 28 U.S.C. §636(b) and Federal Rule of Civil Procedure 72(b), the Court had conducted a de novo review of the record in this case. Upon such review, the Court finds that Petitioner's objections to the Magistrate Judge's Report and Recommendation are not well taken, and his objections are therefore overruled.

It is therefore ordered that Petitioner's petition for a writ of habeas corpus is **DENIED** with prejudice. A certificate of appealability shall not issue because jurists of reason would not find it debatable whether this Court is correct in its procedural ruling that Petitioner has defaulted his claims. See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

This Court **CERTIFIES**, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this Order would not be taken in good faith. Accordingly, Petitioner will not be granted leave to appeal in

-3-

forma pauperis.  See Fed. R. App. P. 24(a); <u>Kincade v. Sparkman</u>,
117 F.3d 949, 952 (6th Cir. 1997).

     **IT IS SO ORDERED.**

DATED: December 1, 2006          <u>s/Sandra S. Beckwith</u>
                       Sandra S. Beckwith, Chief Judge
                        United States District Court